**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Anthony P. Seijas, Esq.
aseijas@cgajlaw.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAMILLE PRYOR, | |
| Plaintiff, | CIVIL ACTION NO. |
| vs. | |
| UNION COUNTY SHERIFF'S OFFICE, | **NOTICE OF REMOVAL** |
| Defendant. | |

TO THE HONORABLE JUDGES OF THE UNITED DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Cleary Giacobbe Alfieri Jacobs LLC, counsel for the defendant, Union County Sheriff's Office, in the above-captioned matter, hereby file this Notice of Removal to remove an action currently pending in the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

As grounds for removal, Defendant state as follows:

1. The plaintiff, Kamille Pryor, initiated this action in the Superior Court of New Jersey, Law Division, Union County,

under Docket No. UNN-L-4092-25 by way of Complaint entitled Kamille Pryor v. Union County Sheriff's Office filed on January 26, 2026 (the "Complaint"), a copy of which is annexed hereto as **Exhibit A**.

2. Defendant received a copy of the Complaint on February 6, 2026 and are filing this Notice of Removal within 30 days thereof.

3. The foregoing Complaint is all the process, pleadings and orders served upon Defendants in this action.

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) in that Plaintiff's Complaint asserts claims arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiff alleges violations of the U.S. Constitution and 42 U.S.C. §1983 in Count One of his Complaint by police officers employed by the Union County Sheriff's Office.

5. Concurrent with the filing of this Notice of Removal, Defendant is filing a copy with the Clerk, Superior Court of New Jersey, Law Division, Union County and providing a copy hereof to Plaintiff's counsel, Philip Reid.

6. Defendant does not waive any defenses by filing this Notice of Removal.

WHEREFORE, Defendant hereby gives notice that the above-captioned case now pending in the Superior Court of New Jersey, Law Division, Union County is removed therefrom to the United States District Court for the District of New Jersey where it shall proceed as an action originally commenced therein.

CLEARY GIACOBBE ALFIERI JACOBS LLC
*Attorneys for the Defendant*

By:   /s/ Anthony P. Seijas
      Anthony P. Seijas, Esq.

Dated: February 27, 2026

## CERTIFICATION OF SERVICE

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on all parties of record via overnight delivery to:

Philip Reid, Esq.
Sacco & Fillas, LLP
32 Broadway, Suite 1818
New York, NY 10004
*Attorneys for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct.

CLEARY GIACOBBE ALFIERI JACOBS LLC
*Attorneys for the Defendants*

By:    /s/ Anthony P. Seijas
Anthony P. Seijas, Esq.

Dated: February 27, 2026

4

# EXHIBIT A

Philip Reid, Esq.(Attorney ID No.: 249502017)
SACCO & FILLAS, LLP
Attorneys for Plaintiff Kamille Pryor
32 Broadway, Suite 1818
New York, NY 10004
Tel.: (212) 470-2794
Our File No.: 35341-25

|  |  |
|---|---|
| KAMILLE PRYOR,<br><br>Plaintiff,<br><br>-against-<br><br>UNION COUNTY SHERIFF'S OFFICE,<br><br>Defendant. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**UNION COUNTY**<br><br>DOCKET NO. UNN-L-004092-25<br><br>Civil Action<br><br>**AMENDED COMPLAINT and JURY DEMAND** |

Plaintiff Kamille Pryor, by way of Complaint against Defendant herein, brings this case for wrongful arrest and malicious prosecution and conspiracy in violation of the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et. seq.*, the common law for the State of New Jersey, and for negligent hiring, training, supervision, and for intentional infliction of emotional distress pursuant to the common law.

## PARTIES

1. Upon information and belief, at all times hereinafter mentioned, Plaintiff Kamille Pryor was and is a citizen of the United States of America, and a resident of the County of Union and State of New Jersey.

2. Upon information and belief, at all times hereinafter mentioned, Union County Sheriff's Office was and is a municipal corporation, an agency, department, or subdivision of the State of New Jersey, charged with and responsible for enforcing and upholding the laws of the State of New Jersey, and is the agency for which directly employed, controlled, and supervised prosecutors and police officers.

3. Plaintiff complied with the Notice of Claim provisions of the New Jersey Tort Claims

:O & FILLAS, LLP

Act, more than six (6) months have elapsed since the claim was received, this suit is being commenced within two years of the claim, and there has been no valid settlement of this claim.

4. Plaintiff has retained Sacco & Fillas, LLP, to represent his interests in prosecuting this action and said law firm is entitled to its reasonable attorneys' fees and costs incurred in connection therewith.

5. All defendants are sued in their individual, official, and administrative capacities.

## COMMON FACTUAL ALLEGATIONS

6. At all times material hereto, the subject incident arises out of Defendant's malicious prosecution, wrongful arrest, conspiracy, and intentional infliction of emotional distress against Plaintiff Kamille Pryor, resulting in Mr. Pryor's pecuniary damages and severe emotional distress.

7. Plaintiff Kamille Pryor was married to a woman named Shafiqua Pryor (nee Harris) and the couple lived at 460 Jefferson Avenue, Rahway, New Jersey 07065.

8. On or about December 13, 2024, the couple went to couples' counseling together. Immediately after the session was done, Plaintiff Mr. Pryor called the home security agency ADT to have them install indoor cameras within the residence. The installation was scheduled for December 19, 2024.

9. Plaintiff Kamille Pryor filed for divorce on December 16, 2024.

10. On December 16, 2024, Shafiqua Pryor (nee Harris) filed a temporary restraining order against Plaintiff Kamille Pryor. Plaintiff Kamille Pryor was served with the temporary restraining order the next day, December 17, 2024.

11. ADT came as scheduled to install the cameras within the home on December 19, 2024.

12. On December 19, 2024, at approximately 8:26 P.M., Shafiqua Pryor (nee Harris) went to the Rahway Police Headquarters and told the police there that Plaintiff Kamille Pryor had violated the temporary restraining order because ADT came to the house to install the cameras at about 9:00 A.M. while she was not home.

13. On December 23, 2024, Plaintiff Kamille Pryor appeared in Union County Superior Court to attend a hearing regarding the temporary restraining order, at which point he was arrested by the Union County Sheriff's Office for allegedly violating the temporary restraining order.

14. There was no actual violation of the temporary restraining order. There can be no purposeful or knowing violation of temporary restraining order by having initiated a communication to a protected party prior to the entry and service of the temporary restraining order on the defendant in the temporary restraining order/DV docket matter.

15. Plaintiff Kamille Pryor was forced to spend one night in Essex Correctional Facility, located at 354 Doremus Avenue, Newark, New Jersey 07105.

16. Thereafter, Plaintiff Kamille Pryor was arbitrarily, illegally, with malice aforethought criminally charged in a criminal complaint in the Union County Court, under Summons/Warrant Number W-2024-000362-2013, Docket Number FO-20-00157-25. He was charged with violating New Jersey 2C:29-9(B)(2) and New Jersey 2C:33-4C.

17. The charges were ultimately dismissed at the request of the State on February 25, 2025.

18. As a result of his wrongful incarceration/false arrest/false imprisonment and malicious prosecution, Plaintiff Kamille Pryor was deprived of his basic liberties and freedoms as a United States Citizen.

19. The threats of being convicted of criminal offenses and facing incarceration for charges were a figment of the malicious imagination of Defendant, and each of them caused Plaintiff Kamille Pryor to suffer emotional stress, anxiety, fear and psychological disturbance.

20. Plaintiff at no time committed the offenses for which he was charged. He was completely innocent of the charges for which he was illegally, impermissibly, and reprehensibly subjected to by the false, perjurious acts of the Defendant.

21. Plaintiff Kamille Pryor has been caused to suffer damage to his reputation in the

community, financial damages due to business deals falling through as a result of pending criminal charges and was otherwise financially damaged.

22. There was no probable cause to charge Plaintiff Kamille Pryor.

23. Plaintiff Kamille Pryor has been caused to suffer emotional distress and damages due to the foregoing.

## COUNT I
### Malicious Prosecution

24. Plaintiff Kamille Pryor, re-alleges and re-avers each and every allegation set forth in paragraphs 1-23, as if set forth fully herein, and further states as follows:

25. Defendant, without provocation, justification, permission or cause, did wrongfully arrest, and maliciously prosecute Plaintiff Kamille Pryor by instituting a criminal complaint against him, without probable cause, which was resolved in Plaintiff's favor.

26. As a direct result of Defendant's wrongful arrest/false arrest/false imprisonment, malicious prosecution, violation of New Jersey Constitution, U.S. Constitution, and 42 U.S.C Section 1983, Plaintiff suffered emotional distress and damages, as aforesaid.

27. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered financial damage, severe physical and emotional distress and mental anguish as well as deprivation of rights under the Civil Rights Laws.

28. WHEREFORE, Plaintiff demands the following relief against Defendant:

    a. An award of compensatory damages;

    b. An award of punitive damages;

    c. An award of attorneys' fees and costs; and

    d. An award of such other and further relief the Court deems just and appropriate.

:O & FILLAS, LLP

## COUNT II
### Civil Rights Conspiracy

29. Plaintiff Kamille Pryor, re-alleges and re-avers each and every allegation set forth in paragraphs 1-28, as if set forth fully herein, and further states as follows:

30. The acts of Defendant constitute a violation of N.J.S.A. 10:6-1, *et seq.*, and the New Jersey Constitution, namely a conspiracy to violate the rights of Plaintiff Kamille Pryor.

31. In furtherance of that conspiracy, the Defendant consciously sought to prosecute Plaintiff Kamille Pryor despite knowing that he did not commit the crimes Defendants sought to charge him with and did charge him with.

32. This conspiracy was committed by individuals working within the Union County Sheriff's Office, the names of whom are presently unknown to Plaintiff at this time.

33. The conspiracy was committed by the Union County Sheriff's Office along with other entities and/or individuals, the names of whom are presently unknown to Plaintiff at this time.

34. As a proximate result of the above-mentioned acts, Plaintiff Kamille Pryor has been damaged and has suffered severe physical and emotional distress, economic loss, mental anguish, as well as deprivation of rights under the Civil Rights Law.

35. WHEREFORE, Plaintiff demands the following relief against Defendant:

   a. An award of compensatory damages;

   b. An award of punitive damages;

   c. An award of attorneys' fees and costs; and

   d. An award of such other and further relief of the Court deems just and appropriate.

:O & FILLAS, LLP

## COUNT III
### Intentional Infliction of Emotional Distress

36. Plaintiff Kamille Pryor re-alleges and re-avers each and every allegation set forth in paragraphs 1-35 above as if set forth fully herein, and further states as follows:

37. The aforesaid conduct of Defendant was intentionally conducted with the purpose of harassing, injuring, or otherwise damaging Plaintiff and constitutes intentional infliction of emotional distress.

38. As a direct and proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered damages, including, but not limited to, economic loss, psychological and emotional trauma, severe emotional distress, anxiety and embarrassment.

39. WHEREFORE, Plaintiff demands the following relief against Defendant:

   a.  An award for all compensatory damages, including treble damages, with respect to statutory and tort claims in an amount deemed just and fair;

   b.  An award of punitive damages;

   c.  Attorney Fees and costs;

   d.  An award of such other and further relief that the Court deems just and proper.

## COUNTY IV
### Negligent Hiring, Training, Supervising, and Retention

40. Plaintiff re-alleges and re-avers each and every allegation set forth in paragraphs 1-39 as if set forth fully herein, and further states as follows:

41. The Defendant was negligent in screening, hiring, training, supervising, disciplining, and/or retaining the parties involved in this matter, who they knew or should have known were acting in an improper and unlawful manner.

42. Defendant was also liable for the aforesaid acts because they permitted the conditions to exist which facilitated and/or permitted such conduct to occur.

43. WHEREFORE, Plaintiff demands the following relief against Defendants:

O & FILLAS, LLP

    a.   An award for all compensatory damages, including treble damages, with respect to statutory and tort claims;

    b.   An award of punitive damages;

    c.   Attorney Fees and costs;

    d.   An award of such other and further relief the Court deems just and proper.

## COUNT V
## FALSE ARREST/FALSE IMPRISONMENT

44. Plaintiff re-alleges and re-avers each and every allegation set forth in paragraphs 1-43 as if set forth fully herein, and further states as follows:

45. Plaintiff Kamille Pryor was unlawfully detained by Defendant against his will.

46. Defendants intended to cause Plaintiff Kamille Pryor to be confined.

47. The confinement was no accident, nor did Plaintiff Kamille Pryor consent to be confined.

48. Plaintiff Kamille Pryor was totally confined by Defendant.

49. Plaintiff Kamille Pryor was confined for an appreciable amount of time of one night.

50. The detention was unlawful as there was no basis to arrest or confine Plaintiff Kamille Pryor. He did not violate the temporary restraining order as he had no contact with Shafiqua Pryor (nee Harris) and she was not even present when ADT went to the home to install the cameras.

51. It was completely improper and entirely unlawful for Plaintiff Kamille Pryor to be arrested, put in jail and charged under these circumstances.

52. WHEREFORE, Plaintiff demands the following relief against Defendant:

    a.   An award for all compensatory damages, including treble damages, with respect to statutory and tort claims;

    b.   An award of punitive damages;

    c.   Attorney Fees and costs;

d.  An award of such other and further relief the Court deems just and proper.

**WHEREFORE**, the plaintiff demands:

a.  Judgment awarding damages on Count One of the action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

b.  Judgment awarding damages on Count Two of the action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

c.  Judgment awarding damages on Count Three of the action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

d.  Judgment awarding damages on Count Four of the action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction

e.  Judgment awarding damages on Count Five of the action in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction; and

f.  Interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: New York, New York
      January 26, 2026

Philip Reid, Esq.

## CERTIFICATION PURSUANT TO R.4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that to the best his knowledge, the within matters in controversy are not the subject of any other action pending in any other Court or of a pending arbitration proceeding, nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

Dated: New York, New York
      January 26, 2026

*Philip Reid*
Philip Reid, Esq.

## JURY DEMAND

Plaintiff's attorney, Philip Reid, Esq., hereby demands a trial by jury on all the issues involved herein.

Dated: New York, New York
      January 26, 2026

*Philip Reid*
Philip Reid, Esq.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff reserves the right to designate a trial attorney at the time of trial.

Dated: New York, New York
      January 26, 2026

*Philip Reid*
Philip Reid, Esq.

O & FILLAS, LLP

UNN-L-004092-25   01/26/2026 10:11:49 AM   Pg 1 of 11   Trans ID: LCV2026193900

UNION COUNTY COUNSEL
RECEIVED

FEB   6  2026

ADMINISTRATION BUILDING
ELIZABETH, NJ

Philip Reid, Esq. (Attorney ID No.: 29502017)
SACCO & FILLAS, LLP
Attorneys for Plaintiff Kamille Pryor
32 Broadway, Suite 1818
New York, New York 10004
Tel.: (212) 470-2794
Our File No.: 35341-25

**SUPERIOR COURT OF
NEW JERSEY
LAW DIVISION
UNION COUNTY**

KAMILLE PRYOR,

Plaintiff,

-against-

UNION COUNTY SHERIFF'S OFFICE,

Defendant.

DOCKET NO. UNN-L-004092-25

Civil Action

**SUPPLEMENTAL SUMMONS**

**To the Defendant named above:**

Plaintiff Kamille Pryor has filed a lawsuit against Defendant Union County Sheriff's Office in the Superior Court of New Jersey, County of Union. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (**A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov**). If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (**with fee of**

O & FILLAS, LLP

UNN-L-004092-25   01/26/2026 10:11:49 AM   Pg 2 of 11   Trans ID: LCV2026193900

**$175.00 and completed Case Information Statement**) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at **http://www.njcourts.gov.**

Dated: New York, New York
January 26, 2026


_____
**Clerk of the Superior Court**


**DEFENDANT:**

Union County Sheriff's Office
10 Elizabethtown Plaza
Elizabeth, New Jersey 07207

:O & FILLAS, LLP